**NOTICE OF SETTLEMENT OF WAGE CLAIMS FOR EMPLOYEES OF WHIRLPOOL**

---

TIME-SENSITIVE, COURT-AUTHORIZED NOTICE
\* \* \* This is not an advertisement from a lawyer. \* \* \*

---

This Notice explains your legal rights and options regarding a settlement with Whirlpool for employee wage claims regarding the Kronos outage beginning in December 2021

| 1. What is this about? |
|---|

A lawsuit was filed against Whirlpool Corporation ("Whirlpool") for unpaid or delayed wages under a federal law, the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and related state-law claims.

The lawsuit arises out of a December 2021 ransomware attack on the Kronos Private Cloud, a third-party system used by Whirlpool at that time for certain payroll and timekeeping functions, resulting in a system-wide outage (the "Kronos Outage"). The Kronos Outage impacted certain of Whirlpool's timekeeping and pay functions for days worked between December 5, 2021, and January 2, 2022 (the "Impacted Pay Periods").

The lawsuit was filed by a Whirlpool employee who claims he and other employees were not timely or accurately paid wages for work performed during the Impacted Pay Periods. The case is *Ladd v. Whirlpool Corporation*, Case No. 1:22-cv-00330-RJJ-PJG, in the Southern Division of the United States District Court for the Western District of Michigan.

The Court has not determined that Whirlpool is liable or did anything wrong. Instead, the employee and Whirlpool reached a settlement to resolve the case. The Court overseeing the lawsuit has approved that settlement, which provides for the payment of money to all non-exempt employees of Whirlpool during the Impacted Pay Periods who used the Kronos Private Cloud system at the time of the Impacted Pay Periods to track their hours (or would have used it but for the Kronos Outage) and who choose to join the settlement.

| 2. Why am I getting this notice? |
|---|

You have been identified as being eligible to recover money from the settlement because Whirlpool's records reflect that you were a non-exempt employee who worked for Whirlpool and used impacted Kronos systems for certain pay and time keeping functions during the Impacted Pay Periods. In order to recover money, you must join the settlement. If you do not join the settlement, you will not receive any money.

| 3. What is my share of the settlement? |
|---|

Some of Whirlpool's employees affected by the Kronos Outage were initially underpaid for work performed during the Impacted Pay Periods, and some were correctly paid or overpaid. Some of the underpaid employees were only underpaid a small amount. Following the Kronos Outage, Whirlpool engaged in a reconciliation process. Based on this reconciliation, each employee, including you, was classified as an underpaid, correctly paid, or overpaid employee.  If Whirlpool determined you were underpaid, it issued a reconciliation payment to you at that time. Whether you were underpaid, correctly paid, or overpaid, you are still eligible to participate in this lawsuit. Your settlement payment is based on your hours worked with Whirlpool during the Impacted Pay Periods, the amount you were paid for that work, and whether you were an underpaid, correctly paid, or overpaid employee.

If you were **underpaid**, you are receiving one check representing "liquidated damages," which is a proportional amount of the wages at issue based on the amount in the settlement fund. This payment is a minimum of $30.00.

If you were **correctly paid** or **overpaid**, you are receiving one check representing "liquidated damages" in the amount of $30.00. This payment is being made to resolve any potential claims you might have.

If you worked in **Ohio** or **Massachusetts**, you are receiving an additional amount of $30.00. This additional amount is being paid due to the settlement of any potential state law claims you might have.

| 4. | How do I get the money offered? |
|---|---|

| **To join the settlement:**<br><br>**CASH THE CHECK** | If you choose to be included in the settlement, all you need to do is deposit or cash the enclosed check. |
|---|---|
| **To stay out of the settlement:**<br><br>**DO NOTHING** | If you do not want a payment or other benefits from this settlement and you want to retain the right to sue Whirlpool on your own about any of the wage claims that were settled in this lawsuit, then **do not** deposit or cash the enclosed check. By doing nothing, you give up the possibility of getting money from the settlement of this lawsuit. If you were overpaid, you may also be required to pay Whirlpool for any overpayment made to you that has not already been repaid. |

| 5. | What happens if I complete the claim form? |
|---|---|

If you deposit or cash the enclosed check, you agree to the following:

> You will be acknowledging that you are represented by PARMET PC and MORGAN & MORGAN, P.A. (together, the "Collective Attorneys") and that you will be bound by the terms of the attorney-client agreement signed by the lead plaintiffs in the lawsuit. You will **not** have to pay the Collective Attorneys any money directly. Attorneys' fees and costs will be paid as part of a percentage of the overall settlement recovery funded by Whirlpool.
>
> You will be waiving and releasing all claims against Whirlpool for unpaid or delayed wages, including overtime and penalties, related to the Kronos Outage and for work performed for Whirlpool during the Impacted Pay Periods.

| 6. | What does the Court think? |
|---|---|

While the Court approved this settlement, the Court did not determine that Whirlpool (or anyone else) did anything wrong. The Court did not determine you are owed any money. Instead, this is a settlement payment.

**Do not contact the Court regarding this settlement. The Court must remain neutral in this matter and cannot give you advice.**

| 7. | **What does Whirlpool think?** |
|---|---|

Whirlpool denies it violated any law or otherwise did anything wrong in its response to the Kronos Outage. Whirlpool believes you were paid correctly and fairly for your work. Whirlpool also does not think a collective action (group lawsuit) is appropriate. Whirlpool acknowledges the risks, costs, and distractions associated with any litigation, however, and believes this settlement is a fair solution to this lawsuit.  Whirlpool therefore encourages all employees to join in this settlement. No adverse employment action will be taken against you whether or not you join this settlement and cash or deposit your settlement checks.

| 8. | **How long do I have to make a decision?** |
|---|---|

**You can deposit or cash the enclosed check within 120 days of the date it was issued. If you lose or damage the check during that 120-day period, you can contact the Collective Attorneys to request that a replacement check be issued. Any reissued replacement check will be valid for 60 days after issuance or the original 120-day deadline, whichever is later.**

| 9. | **I still have questions. Where can I get more information?** |
|---|---|

This Notice is only a summary. If you would like, you can obtain certain documents related to the case. However, the deadline for cashing your check will not be extended.

If you have any questions about the collective action or your legal rights, you should contact the attorneys for the group of Whirlpool employees:

| Matthew S. Parmet | Michael N. Hanna |
|---|---|
| PARMET PC | MORGAN & MORGAN, P.A. |
| 2 Greenway Plaza, Ste. 250 | 2000 Town Center, Suite 1900 |
| Houston, TX 77046 | Southfield, MI 48075 |
| phone  713 999 5228 | phone  313 251 1399 |
| team@parmet.law | mhanna@forthepeople.com |